*Thursday, February 1, 1996*
## MISCELLANEOUS DISMISSALS

**95–2098.** Jefferson Cty. Dept. of Human Serv. v. Communication Workers of Am., Local 4527. *Jefferson County,* No. 93–J–49. This cause is pending before the court as a discretionary appeal. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted, effective January 31, 1996.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**96–212.** State v. Stewart. *Guernsey County,* No. 94CA21. Appellant has filed an untimely appeal of the court of appeals' decision affirming the trial court's denial of his motion for post-conviction relief. This appeal involves a civil, post-conviction matter and not an appeal of a felony case to which the provisions for delayed appeal in S.Ct.Prac.R. II(2)(A)(4) apply. Therefore,

IT IS ORDERED by the court, *sua sponte,* effective January 31, 1996, that the motion for delayed appeal be, and hereby is, stricken.

IT IS FURTHER ORDERED by the court, *sua sponte,* that, in that appellant failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1), this case be, and hereby is, dismissed for lack of jurisdiction.

*Friday, February 2, 1996*
## MOTION DOCKET

**92–2565.** State v. Scudder. *Franklin County,* No. 91AP–506. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that the motion be, and is hereby, granted.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning January 17, 1996, and ending July 17, 1996, to allow appellant an opportunity to file a petition for post-conviction relief. If a petition for post-conviction relief is not filed within the time allotted, this stay will expire. No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

**94–483.** State v. Mack. *Cuyahoga County,* No. 62366. This court has received notification that on January 22, 1996, the Supreme Court of the United States entered an order in No. 95–6931, *Clarence Mack v. Ohio,* which stated:

"The petition for a writ of certiorari is denied."

Upon consideration that the stay of execution of sentence granted by this court on October 26, 1995 was conditioned upon final disposition of appellant's petition to the Supreme Court of the United States, and it appearing to this court that the Supreme Court of the United States has rendered a final disposition of the petition,

IT IS ORDERED that the stay of execution is hereby terminated as of the date of this entry.

IT IS HEREBY ORDERED by this court that the sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on

Thursday, the 2nd day of May, 1996, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that the Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Cuyahoga County.

IT IS FURTHER ORDERED by the court that, upon written application of appellant, and pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, this court will grant one additional stay for a period ending six months from the date of this entry to allow appellant an opportunity to file a petition for post-conviction relief.